# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

REBECCA L. MAYS,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 10-CV-506-FHM

## OPINION AND ORDER

Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(1) [Dkt. 21] is DENIED.

Plaintiff previously sought remand of this case for correction of the record to include an amended residual functional capacity assessment generated by Plaintiff's physician. On March 24, 2011, the court entered an order denying Plaintiff's motion to remand. [Dkt. 20]. In that order the court set a schedule wherein Plaintiff's opening brief was due on or before April 15, 2011. Instead of filing a brief on the merits, Plaintiff filed the instant motion seeking reconsideration of the March 24 Order.

Fed. R. Civ. P. 59(e) addresses the amendment or alteration of a judgment and is inapplicable to the situation now before the court because no judgment has been entered.

Fed. R. Civ. P. 60(b)(1) states:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

Plaintiff has not demonstrated that the order was the result of a mistake, inadvertence, surprise, or excusable neglect. In fact, it appears that Plaintiff has misinterpreted the court's order. Plaintiff states that she "disagrees with the Magistrate Judge's determination that the ALJ properly excluded the remainder of the report[.]" [Dkt. 21, p. 4]. In fact, the March 24, 2011 Order contains no determination about the propriety of any action taken by the ALJ. Rather, the court observed that there was no basis for granting Plaintiff's request for remand. The court stated: "[s]ince the ALJ rejected as unsupported by medical evidence [the treating doctor's] opinion which shows Plaintiff is less limited than the amended page shows, the court finds that the amended page is not material and would not have a reasonable likelihood of changing the ALJ's decision." [Dkt. 20, p. 2].

The parties are hereby directed to adhere to the following schedule. Plaintiff's brief is due on or before July 15, 2011. Defendant shall file his response brief on or before September 15, 2011. Plaintiff may file a reply brief on or before October 1, 2011.

SO ORDERED this 27th day of June, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE