### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

REBECCA L. MAYS,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,[1]

        Defendant.

Case No. 10-CV-506-FHM

## OPINION AND ORDER

Plaintiff, Rebecca L. Mays, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's November 18, 2005, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held November 5, 2008. By decision dated January 14, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 18, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 35 years old on the alleged date of onset and 40 on the date of the ALJ's denial decision.  She has a high school education and formerly worked in a variety of jobs: supervisor at a call center; janitor; mailroom clerk; seamstress; cashier; bartender; waitress; advertising material distributor; sales representative; and news assistant for newspaper.  She claims to have been unable to work since May 14, 2004 as a result of low back pain.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform the full range of sedentary work.  [R. 11].  Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step

evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ: failed to protect her due process rights by furnishing a full and accurate transcript of the entire record of proceedings; failed to perform a proper analysis of the medical source evidence; and failed to perform a proper credibility determination.

## **Analysis**

### Due Process

Plaintiff claims she was denied her due process right to a full and accurate transcript of the entire record which prevents proper review of her case by the Appeals Council and the court. At the hearing before the ALJ, the ALJ allowed Plaintiff to withdraw the first page of her treating doctor's RFC form and accepted an amended first page of that form. [R. 53-54]. However, the administrative record submitted to the court contains the withdrawn page, not the amended one. Plaintiff's claim is based on the fact that the transcript of the administrative record does not contain the page the ALJ accepted at the hearing as part of the record.

The court rejects Plaintiff's claim of error. The information from the amended page is contained in the record in the form of the vocational expert's testimony. The amended page was given to the vocational expert, the vocational expert testified to the information on the amended page, and in fact read the limitations contained on the amended page into the record. The amended page is thus in the record in the transcript of the hearing. [R.

3

54]. The court can therefore fully review the case and Plaintiff's due process right has not been violated.

The Commissioner confused the analysis of this issue by contending in its response brief that the ALJ did not consider the amended page. [Dkt. 39, p. 5]. That contention is not supported by the record. The transcript of the hearing before the ALJ clearly shows that the ALJ allowed Plaintiff to withdraw the first page of Exhibit 8F and accepted an amended page. [R. 53-54]. The ALJ posed a hypothetical question to the vocational expert which was based on the limitations contained in the amended page of Exhibit 8F. *Id*. It is obvious that the ALJ considered the amended page.

## Analysis of Medical Source Evidence

Plaintiff argues that the ALJ erred by not explaining why he rejected Dr. Chorley's opinion that Plaintiff will be "100% disabled until definitive surgical intervention." [R. 282]. The ALJ noted the opinion Dr. Chorley expressed on September 28, 2005, [R. 13, 160], and again on October 20, 2008, [R. 14, 282], that he considered Plaintiff to be 100% disabled due to a back injury. The ALJ also noted the December 28, 2005 examination findings by the consultative examiner including full range of motion of the spine, normal strength, ambulation at an appropriate speed, and Plaintiff's report to the consultative examiner that if she stays on her medication the pain does not become severe. [R. 13, 14]. The ALJ also outlined the findings of the March 6, 2006 MRI and September 4, 2008 CT scan of the spine. [R. 13, 14]. The ALJ found that Dr. Chorley's opinion was not consistent with the objective medical evidence and Plaintiff's statement to the consultative examiner. [R. 16]. The court finds that the ALJ explained why he rejected Dr. Chorley's

opinion and further, that the basis for rejecting the opinion is supported by substantial evidence.

Plaintiff complains that the ALJ made comments that suggest the possibility that Dr. Chorley may have been written his opinion at Plaintiff's insistence in an effort to assist her. [R. 15-16]. According to Plaintiff, these comments are purely speculation by the ALJ. The presence of those comments does not change the court's conclusion that the ALJ explained why he rejected Dr. Chorley's opinion and that the basis for rejecting the opinion is supported by substantial evidence.

There is no merit to Plaintiff's assertion that the ALJ miscast the evidence by repeating the consultative examiner's statement that there was no "inciting injury or distinctive pathology on exam." [R. 13, 178]. According to Plaintiff, the medical record reveals that she injured her back while brush hogging. Actually, Plaintiff denied a specific injury occurred, but reported that following a day of brush hogging on a tractor she was sore and began to have pain. [R. 176]. In July 2004 Dr. Chorley recorded that Plaintiff complained of back pain but had "no apparent injury." [R. 173].

Regarding the comment that there was "no distinctive pathology on exam," Plaintiff points to several findings made by the consultative examiner and argues that those findings of muscle spasms and painful range of motion of the back, are distinctive pathology. [Dkt. 37, p. 5]. Whether or not the consultative examiner's findings are "distinctive pathology" is beside the point. It is clear that the consultative examiner concluded, on the basis of his examination, that Plaintiff "should be able to function in a work environment which would limit physical hardship." [R. 178]. The ALJ clearly accepted that assessment by limiting Plaintiff to an RFC of sedentary work.

5

Plaintiff argues that the decision should be reversed and the case remanded because the ALJ failed to weigh the opinion of the state Disability Determination Service (DDS) expert who reviewed Plaintiff's records and rendered an opinion about her ability to work. Based on review of Plaintiff's medical records, the DDS expert opined that Plaintiff could perform sedentary work. [R. 191-198]. The ALJ did not mention this opinion, but found that Plaintiff could perform a full range of sedentary work. The court fails to see how the ALJ committed reversible error by failing to discuss an opinion that Plaintiff can perform work and which opinion does not conflict with the RFC finding.

The DDS expert opined that Plaintiff could only occasionally: climb stairs, ramps, ladders, ropes, and scaffolds; balance; stoop; kneel; crouch; or crawl. [R. 193]. The ALJ's RFC for the full range of sedentary work does not include these limitations. Plaintiff argues that the failure to include these limitations is error. The court finds that any such error is harmless as the descriptions in the Dictionary of Occupational Titles for the jobs identified by the vocational expert state that those activities are not required. *See Dictionary of Occupational Titles*, Nos. 209.587-010, 692.685-266, 1991 WL 687797, 1991 WL 678774.

## Credibility Determination

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The ALJ cited grounds, tied to the evidence, for the credibility finding, including inconsistency between Plaintiff's complaints of the degree of pain and the objective medical evidence of

record, and Plaintiff's comments to the consultative examiner that her pain does not become severe if she stays on her medication. [R. 16]. The ALJ thus properly linked his credibility finding to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

## Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 26th day of March, 2013.

*[signature: Frank H. McCarthy]*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE